UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WILFREDO SAMBULA, EZRI URQUIA, and
SANDRA CAMPOS, on behalf of themselves
and others similarly situated,

                       Plaintiffs,                **SUA SPONTE REPORT & RECOMMENDATION**

      -against-

                                            CV 25-0988 (GRB) (AYS)

MICHAEL MIZHIRITSKY, MICHAEL
MARGARYAN, FERNANDO ZAVALA, and
LMM RAINBOW CAR WASH LLC d/b/a
RAINBOW CAR WASH,

                       Defendants.
------------------------------------------------------------X
**ANNE Y. SHIELDS, United States Magistrate Judge:**

Plaintiffs commenced the within action on February 21, 2025, alleging violations of the

Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and the New York Labor Law

("NYLL"). While Defendants initially appeared through counsel, they have ceased participating

in this litigation altogether. For the reasons set forth below, this Court sua sponte recommends

that Defendants' Answer be stricken and that the Clerk of the Court issue certificates of default

against all Defendants.

BACKGROUND

By way of a Complaint filed on February 21, 2025, Plaintiffs allege that Defendants

failed to pay them overtime wages, spread of hours wages, and minimum wage, in violation of

the FLSA and the NYLL. (Compl., Docket Entry ("DE") [1], ¶¶ 1-2.) The corporate defendant,

LMM Rainbow Car Wash LLC d/b/a Rainbow Car Wash, is a car wash and detailing center

located at 225 West Old Country Road in Hicksville, New York. (Id. ¶ 8.) The individual

1

defendants, Michael Mizhiritsky, Michael Margaryan, and Fernando Zavala, are alleged to all be principals of the corporate defendant. (Id. ¶¶ 12, 14, 17, 19, 21, 23.) All Defendants were properly served with the Summons and Complaint on March 11, 2025. (DE [6].) An Answer by all Defendants was filed on July 7, 2025. (DE [8].)

On July 22, 2025, this Court held an initial conference, at which counsel for both Plaintiffs and Defendants appeared. (DE [10].) At that conference, the Court adopted the parties' proposed FLSA discovery schedule, which required the parties to exchange preliminary documents and to engage in a meet and confer in an attempt to settle the action. (DE [9].) The Court also set a date for the submission of a joint status letter for October 9, 2025. (Order of Shields, M.J., dated July 22, 2025.)

By letter dated October 7, 2025, and filed on October 10, 2025, Plaintiffs' counsel advised the Court that Defendants had failed to provide the preliminary documents required by the FLSA discovery schedule and that, despite multiple attempts to contact Defendants' counsel, they were unable to participate in the required meet and confer as Defendants' counsel remained unresponsive. (DE [11].) Plaintiffs' counsel requested that the Court schedule a conference to discuss Defendants' lack of participation. (Id.)

Defendants failed to file any response to Plaintiffs' October 7, 2025 letter. By Order dated October 20, 2025, this Court directed Defendants to file a response by October 24, 2025. (Order of Shields, M.J., dated Oct. 20, 2025.) Defendants again failed to respond. By Order dated October 28, 2025, this Court advised Defendants of their failure to comply with the Court's October 20, 2025 Order and directed a response be filed by November 4, 2025. Defendants were warned that failure to comply with the Order could result in a recommendation to the District Court that their Answer be stricken. (Order of Shields, M.J., dated Oct. 28, 2025.)

Plaintiffs' counsel was directed to serve a copy of the Order on Defendants and to file proof of service on the docket sheet, which they did. (DE [12].)

Again, Defendants failed to comply with this Court's Order. Accordingly, by Order dated November 10, 2025, this Court granted Defendants one more opportunity to comply with its Orders and set a response date of November 17, 2025. Defendants were again warned that failure to comply with the Court's Orders would result in the imposition of sanctions, including a recommendation to the District Court that their Answer be stricken. (Order of Shields, M.J., dated Nov. 10, 2025.) Plaintiffs' counsel was again instructed to serve a copy of the Order on Defendants and to file proof of service on the docket sheet, which they again did. (DE [13].

By letter dated December 10, 2025, Plaintiffs' counsel advised this Court that on October 10, 2025, Defendants' counsel emailed limited documents entitled "Employee Earning Records." (DE [14].) Plaintiffs' counsel immediately responded to the email, stating that he needed time records as well, as required by the FLSA discovery schedule. (Id.) Defendants' counsel replied that he would check into the records and would respond back to Plaintiffs' counsel. (Id.) Plaintiffs' counsel heard nothing further from Defendants' counsel after October 10, 2025. (Id.) This Court has received no communication from Defendants' counsel since the initial conference held on July 22, 2025.

DISCUSSION

"A court may impose a range of sanctions on a party which fails to . . . comply with scheduling and other pretrial orders including, among other things, striking pleadings and rendering a default judgment." Gilead Sciences, Inc. v. Safe Chain Solutions, LLC, No. 21-CV-4106, 2024 WL 222697, at *2 (E.D.N.Y. Jan. 21, 2024) (citation omitted); see also Fed. R. Civ. P. 16f(1)(C); 37(b)(2)(A)(iii), (vi). While sanctions pursuant to Federal Rule of Civil Procedure

3

37 are "a harsh remedy to be used only in extreme situations," Agiwal v. Mid Island Mort. Corp., 555 F.3d 298, 302 (2d Cir. 2009) (citation omitted), "they 'protect other parties to the litigation from prejudice resulting from a party's noncompliance' and 'serve other functions unrelated to the prejudice suffered by individual litigants[,]' including specific and general deterrence." Khan v. Nyrene, Inc., No. 18-CV-557, 2019 WL 3716196, at *2 (E.D.N.Y. May 29, 2019) (quoting S. New England Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 149 (2d Cir. 2010)) (alteration in original).

Where a party "fails to fulfill its discovery obligations," Rule 37 provides the court "wide discretion in imposing sanctions." Gilead Sciences, 2024 WL 222697, at *2 (citations omitted). When deciding whether to impose sanctions, the Court considers "several factors" articulated by the Second Circuit: "(1) the willfulness of the non-compliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." Agiwal, 555 F.3d at 302-03 (quoting Nieves v. City of N.Y., 208 F.R.D 531, 535 (S.D.N.Y. 2002)). The foregoing factors "are not exclusive and none is dispositive." Khan, 2019 WL 3716196, at *2 (citing S. New England Tel. Co., 624 F.3d at 144).

Here, Defendants' conduct warrants the Court striking their Answer for their failure to participate in this litigation and to comply with multiple Court orders. First, Defendants' history of noncompliance is significant as it appears they have wholly failed to participate in this litigation since the initial conference in July 2025. Defendants failed to provide the discovery required by the FLSA discovery schedule adopted on July 22, 2025. They then failed to participate in a meet and confer with Plaintiffs' counsel with respect to possible settlement, as again required by the FLSA discovery schedule. Only after Plaintiffs' counsel advised the Court

of their failures did Defendants' counsel turn over a small set of documents in October 2025. Despite advising Plaintiffs' counsel that he would reply to him as to whether other documents existed, Defendants' counsel ceased communication altogether.

Moreover, Defendants failed to comply with multiple orders of this Court directing them to advise this Court as to why they failed to participate in discovery. Defendants have completely "abdicated [their] responsibilities in this litigation." Gilead Sciences, 2024 WL 222697, at *3 (citation omitted). Having previously appeared, Defendants are undoubtedly aware of the litigation. "Based on defendant[s'] radio silence, the only reasonable inference is that . . . defendant[s] willfully abandoned their defense of this case." Id. at *3 (quoting Maldonado v. Loxton Inc., No. 20-CV-5776, 2022 WL 18858967, at *4 (E.D.N.Y. June 9, 2022)) (additional citation omitted).

With respect to the remaining factors, the Court concludes that a less severe sanction would not be appropriate here because of Defendants' repeated failures to comply with Court orders or otherwise participate in this litigation. Defendants have wholly stopped communicating with both Plaintiffs' counsel and the Court. Accordingly, the imposition of lesser sanctions would simply be "an exercise in futility." Khan, 2019 WL 3716196, at *3 (citation omitted). Moreover, Defendants' failure to comply with Court orders or to participate in this litigation spans several months now and is sufficient to warrant the sanction of striking their Answer. See, e.g., Local Union No. 40 of the Int'l Ass'n of Bridge, Structural & Ornamental Iron Workers v. Car-Win Constr. Inc., 88 F. Supp. 3d 250, 265-66 (S.D.N.Y. 2015) ("[D]urations of time as brief as a few months have been held to weigh in favor of dispositive sanctions."). Finally, the Court has repeatedly warned Defendants that failure to comply with Court orders could result in the

recommendation that their Answer be stricken and, yet, they still continue to remain silent. Defendants are therefore likely to continue their pattern of noncompliance going forward.

## RECOMMENDATION

For the foregoing reasons, this Court <u>sua</u> <u>sponte</u> recommends that the District Court strike Defendants' Answer, Docket Entry [8], from the docket and that the Clerk of the Court enter certificates of default with respect to all Defendants.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on all counsel. Any written objections to the Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report.  28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days may preclude further review of this report and recommendation either by the District Court or Court of Appeals. <u>Thomas v. Arn</u>, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); <u>Caidor v. Onondaga Cnty.</u>, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").


**SO ORDERED:**

Dated: Central Islip, New York
      February 12, 2026

                                  /s/ Anne Y. Shields
                                  ANNE Y. SHIELDS
                                  United States Magistrate Judge